IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANITA TIDWELL and DION GREEN on behalf of themselves and all other plaintiffs similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No.: ) |
| DYSON DIRECT, INC. | ) ) |
| Defendant. | ) ) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiffs Anita Tidwell ("Tidwell") and Dion Green ("Green") (Tidwell and Green are collectively referred to herein as "Plaintiffs") on behalf of themselves and all other plaintiffs similarly situated for their Class and Collective Action Complaint against Defendant Dyson Direct, Inc. ("Dyson" or "Defendant") states as follows:

**Nature of the Action**

1.  This civil action is brought by the above-named Plaintiffs who bring this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b) and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* pursuant to Fed. R. Civ. Pro 23.

**Parties**

2.  Defendant Dyson is an affiliate of Dyson Ltd., a British technology company established in the United Kingdom in 1991. It designs and manufactures household appliances such as vacuum cleaners, air purifiers, hand dryers, bladeless fans, heaters, hair dryers, and lights. As of February 2018, Dyson, Ltd. had more than 12,000 employees worldwide. Dyson

Direct, Inc. is an Illinois corporation that operates at multiple locations in this Judicial District, including in Chicago and Aurora, Illinois. The Aurora, Illinois facility location handles approximately 30,000 inquiries per day and has employed hundreds of workers.

3. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

4. During the last three years, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

5. Defendant was the Plaintiffs' "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

6. Defendant was the Plaintiffs' "employer" as defined by the IMWL. 820 ILCS 105/3(c)

7. Plaintiffs were Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

8. Plaintiffs were Defendant's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

## Jurisdiction and Venue

9. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

10. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

11. Plaintiffs worked for Defendants as hourly-rate employees within the past three years in the state of Illinois.

12. Defendant did not pay Plaintiffs and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week.

13. By way of example, Defendant did not pay Plaintiff Tidwell one and one-half times her full regular rate of pay for all hours worked in excess of forty in an individual work weeks for the pay period of November 17, 2018 through November 20, 2018 or December 3, 2016 through December 16, 2016. While certain overtime compensation was paid, the Defendant failed to pay for all hours worked over forty in a work week at one and one-half times her regular rate of pay.

14. By way of example, Defendant did not pay Plaintiff Green one and one-half times his full regular rate of pay for all hours worked in excess of forty during the pay period of June 3, 2017 through June 16, 2017. While certain overtime compensation was paid, the Defendant failed to pay for all hours worked over forty in a work week at one and one-half times his regular rate of pay.

15. Plaintiffs performed their job responsibilities for Defendant in the State of Illinois.

16. Other similarly situated employees have been employed by the Defendant and have not been paid the required overtime wages at one and one-half times their full regular rate of pay.

17. The named Plaintiffs, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

18. Plaintiffs seek to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of herself and all other non-exempt employees who were not fully compensated for overtime hours worked.

19. Plaintiffs and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid their overtime hours at one and one-half times their regular rate of pay.

20. Plaintiffs and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendant's unlawful practices and policies

21. Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

22. Defendant has known that Plaintiffs and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiffs and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

23. There are estimated to be hundreds of other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiffs. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiffs requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

24. The records, if any, should be in the custody or control of Defendant concerning the members of the asserted class, the number of hours actually worked by Plaintiffs and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

25. Plaintiffs will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiffs have no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

26. The Plaintiffs re-allege and incorporate by reference paragraphs 1-25.

27. Under the FLSA, Plaintiffs and the Collective were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

28. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

29. Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

30. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

31. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiffs request the following relief, individually and on behalf of similarly situated employees:

    A. A declaratory judgement that Defendant violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

    B. A declaratory judgment that Defendant's violations of the FLSA was willful;

B. Unpaid overtime compensation;

B. An additional amount equal as liquidated damages;

C. Prejudgment interest;

D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT II - ILLINOIS MINIMUM WAGE LAW
**(Plaintiffs Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

32. Plaintiffs hereby alleges and incorporates Paragraph 1 through 31 of this Complaint, as is fully set forth herein.

33. This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

34. Under the IMWL, Defendant was and remains obligated to compensate Plaintiffs, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

35. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times the regular rate for such overtime work.

36. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

37. As a result of Defendant's policy and practice of withholding overtime compensation, Plaintiffs and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiffs requests the following relief individually and on behalf of similarly situated employees:

    A.    A Declaratory Judgement that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiffs and similarly situated employees;

    B.    A declaratory judgement that Defendant's violations of the IMWL were willful;

    C.    Unpaid overtime compensation;

    D.    A judgment of statutory interest and treble damages as provided by IMWL;

    E.    A judgement of reasonable attorney's fees and costs incurred in filing this action; and

    F.    Such other and further relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: October 18, 2019                                                Respectfully Submitted,

                                                                           By: /s/ David Fish
                                                                           One of the Attorneys for the Plaintiff

David J. Fish
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400

## **CONSENT TO BECOME A PARTY PLAINTIFF**

      1.      I consent and agree to pursue my wage claims through the lawsuit filed against my employer or former employer.

      2.      I understand that this lawsuit is brought under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collections Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

      3.      I intend to pursue my claims individually, unless and until the Court certifies this case as a collective or a class, which I understand has also been alleged.

      4.      In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this consent form to re-file my claims in a separate or related action against my employer.

Dion Green
_____
Name

*Dion Green*
_____
Signature

10/17/2019
_____
Date Signed

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I consent and agree to pursue my wage claims through the lawsuit filed against my employer or former employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collections Act. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claims individually, unless and until the Court certifies this case as a collective or a class, which I understand has also been alleged.

4. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this consent form to re-file my claims in a separate or related action against my employer.

Anita Tidwell
_____
Name

*Anita Tidwell*
_____
Signature

10/14/2019
_____
Date Signed